UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEPHANIE DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:23-CV-379-JRG-DCP |
| SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 11] of the District Judge. Now before the Court is the Defendant Kilolo Kijakazi's ("Commissioner") Motion to Dismiss [Doc. 8]. For the reasons stated below, the Court **RECOMMENDS** that the District Court **GRANT** Commissioner's Motion [Doc. 8] and **DISMISS** Plaintiff's Complaint [Doc. 1].

Stephanie Davis ("Plaintiff") filed a Petition for Declaratory Judgment in the Bedford County Chancery Court on July 21, 2023 [Doc. 1-1 p. 6]. Plaintiff sought a declaratory judgment in her favor establishing Thomas Ervin Argo ("Argo") as the father of her child so that the latter could receive Argo's Social Security survivors' benefits [*Id.*]. Commissioner removed this case from Bedford County Chancery Court on October 19, 2023 [Doc. 1]. On October 31, Defendant filed a Motion to Dismiss [Doc. 8], stating that, under the derivative jurisdiction doctrine, this Court does not have jurisdiction because the Bedford County Chancery Court lacked jurisdiction over the action. Plaintiff's response to Commissioner's motion was due no later than November 30, 2023. After Plaintiff failed to file a response, the Court entered an Order [Doc. 12] requiring Plaintiff to show cause on or before December 8, 2023, why the undersigned should not

recommend that the District Judge grant Defendant's motion to dismiss [Doc. 8]. To date, Plaintiff has not responded. "Given Plaintiff's failure to respond to the Show Cause Order (as well as her failure to file a memorandum in opposition to the pending motion to dismiss), this case merits dismissal on account of Plaintiff's lack of prosecution." *Hines v. Astrue*, 876 F. Supp. 2d 1001, 1003 (S.D. Ohio 2012) (citing *Jourdan v. Jabe,* 951 F.2d 108, 109–10 (6th Cir. 1991)); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Plaintiff's claim also merits dismissal for lack of subject matter jurisdiction as requested in the Commissioner's motion to dismiss. *See* Fed. R. Civ. P. 12(b)(1). Absent an unequivocal waiver of sovereign immunity and consent to be sued, a court does not have jurisdiction over any claims made against the United States and its agencies. *United States v. Mitchell,* 445 U.S. 535, 538, (1980). In 42 U.S.C. § 405(g), Congress consented to being sued in Social Security cases exclusively in federal district courts. Accordingly, the state court lacked subject matter jurisdiction over Plaintiff's Social Security claim, including her claim seeking a declaratory judgment on paternity. *See* 42 U.S.C.A. § 416(h)(2)(A) (West) (describing the process by which the Commissioner determines "whether an applicant is the child or parent of a fully or currently insured individual"). Plaintiff has not filed evidence showing that she filed a waiver of sovereign immunity. Therefore, "[u]nder the derivative jurisdiction doctrine,[1] because the state court (where the action was initially filed) did not have subject matter jurisdiction over Plaintiff's claim, this

---

[1] The Supreme Court explained the derivative jurisdiction doctrine in *Minnesota v. United States,* 305 U.S. 382, 389 (1939) as follows: "[J]urisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Id.*

2

Court also lacks subject matter jurisdiction upon a 28 U.S.C. § 1442 removal." *Hines*, 876 F. Supp. 2d at 1004 (citations omitted).

Accordingly, the undersigned **RECOMMENDS**[2] that the District Judge **GRANT** Commissioner's Motion [Doc. 8] and **DISMISS** Plaintiff's Complaint [Doc. 1] without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[3] Additionally, failure to respond to the Show Cause Order [Doc. 12] merits dismissal pursuant to Federal Rule of Civil Procedure 41(b).